Kelsey M. Stout (SBN 257285)
kstout@aya.yale.edu
KELSEY STOUT INTELLECTUAL PROPERTY
5011 Ventana Canyon Dr.
Bakersfield CA 93306
tel: 415-676-0650

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

DIM INVESTMENTS GROUP LLC, a Delaware corporation; and ROBERT DIM, an individual,

        Plaintiff(s),

vs.

BARSTOOL SPORTS, a Delaware corporation; and DOES 1 through 10,

        Defendant(s).

Case Number:

**COMPLAINT FOR:**

**1. Trademark Infringement I - Violation of 15 U.S.C. § 1114(1)(a) et seq.**

**2. Trademark Infringement II - Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) et seq.;**

**3. Reverse Trademark Infringement - Violation of 15 U.S.C. § 1114(1)(a) et seq.**

**4. Common Law Misappropriation of Name and Likeness; and**

**5. Violation of California Business and Professions Code § 17200, et seq.**

**JURY TRIAL DEMANDED**

1
COMPLAINT

Plaintiffs, by and through their undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## SUMMARY OF THE CASE

1. This is an action for trademark infringement under the Trademark Laws of the United States, under 15 U.S.C. § 1114 et seq., 15 U.S.C. §§ 1125 et seq., California Business and Professions Code § 17200, et seq. And California Common Law.

### I. Jurisdiction and Venue

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. This Court also has supplemental jurisdiction over the state law claims. This Court has pendent jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a) because the asserted state claims are substantially related to the claims arising under the Trademark Laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### II. Parties

5. Plaintiff Robert Dim ("Robert") is an individual residing in the state of California.

6. Plaintiff Dim Investments Group LLC ("DIG LLC") is a Delaware corporation. Dim Investments Group LLC owns DartyCo LLC, also a Delaware corporation.

7. Robert and DIG LLC are headquartered in Los Angeles, California and do business as,

and promote events and sell merchandise under the name, "DartyCo".

8. Plaintiff is informed and believes and thereon alleges that Defendant Bartstool Sports ("Barstool") is a Delaware corporation with registered agent in Kent County, Delaware, and with its business headquarters located at 333 7th Avenue, New York, New York 10001, United States, and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights and trademarks, have contributed to the infringement of Plaintiff's copyrights and trademarks, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### III. Plaintiff's Operation Under Trademark

11. Since at least 2015, Plaintiffs have been operating a unique promotional and event service called 'The Darty Tour'. The image and brand of The Darty Tour events focuses on themes of leisure, health, community connections and 'positive vibes' at university gatherings, beach parties, sporting events and fraternity/sorority parties. The Darty Tour Events promote musical acts and merchandise, with portions of ticket sales donated to charities selected by local event partners.  During their first year, Plaintiffs were able to promote and organize The Darty

Tour branded events at Coastal Carolina University, Florida State University, Sacred Heart University, and the University of South Carolina.

13. In 2016, Plaintiffs released the official clothing brand called "DARTY", under the company name "DartyCo" and in partnerships with Local Culture Apparel and Current Wave Marketing. The Darty clothing brand was included in Sacred Heart University's Pioneer 30 program. Plaintiffs' retail clothing brand was also partnered with CB Insights and NewChip Accelerator, an incubator for innovative startup brands.

14. Also in 2016, Plaintiff began expanding the Darty merchandise line with day party and beach party accessories, finalizing more college tour dates, and evaluating physical retail store locations in Los Angeles.

**IV. Trademark Infringement And Misappropriation of Likeness And Right of Publicity**

15. DIG LLC is the owner of United States Trademark Registration No.87049338, registered May 25, 2016, for the word mark "DARTY" ("Trademark") for use in association with International Class 025 for clothing, and the word marks "DARTY CO" ("Second Trademark") numbers 87175551, 87175569 and 87175557 under International Classes 025, 035 and 041 for clothing, for advertising and promotions, and for music, entertainment services and concert services, respectively. The registrations are now valid, subsisting, uncancelled, and unrevoked. Plaintiffs continue to market and promote events and merchandise, including apparel, under the "DARTY" and "DARTY CO" trademarks.

16. Plaintiff, like most music and event organizers, markets and sells a wide range of t-shirts, apparel, and other merchandise that bears the Trademark in commerce across the United States and beyond.

17. Continuously since at least 2015, Plaintiff has employed the Trademark in connection with and to identify its brand, performances, music, merchandise, clothing, and other services and products, and to distinguish said products from similar products offered by other companies,

by, and without limitation, prominently displaying the Trademark on its products and advertising and promotional materials distributed throughout the United States.

18. In addition, as of the date of the filing of this complaint, Plaintiffs actively engaged in using and/or expanding its use of the Trademark in connection with its products and services in interstate commerce throughout the United States.

19. Following this registration, Plaintiffs' investigation revealed that Defendants, and each of them, which, like Plaintiffs, offer apparel to its customers, had misappropriated the Trademark, and were trading on Plaintiffs' and the Trademark's good will and reputation by marketing, advertising, and selling product bearing unauthorized and confusion-causing identical copies of the Trademark.     Plaintiff was concerned about association between Barstool's controversial brand image and use of the "Darty" name leading to costly negative publicity.

20. The Trademark was federally registered by DIG LLC well before Defendants' commenced their infringement and Defendants had constructive notice of Plaintiffs rights in Plaintiffs' federally registered Trademark under 15 U.S.C. § 1072. On information and belief Barstool was also aware of Plaintiffs and their Trademark due to, inter alia, the participation by Barstool in undergraduate student markets and related fraternity/sorority markets.

21. Plaintiffs served a cease and desist demand on Barstool but no resolution could be reached.

22. An exemplar of the Infringing Garments clearly indicates that the word marks are identical, similar in color and likely to create consumer confusion as to the source of the product. A picture of the Trademark and one non-inclusive exemplar of the Infringing Garments are set forth below:

| Trademark: | Infringing Garments: |
|---|---|



ESPN Appearance



Orange w/ Purple Tank Top

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement I - Against All Defendants, and Each)

23. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. DIG LLC owns a registration for the Trademark and Plaintiffs have used the Trademark in commerce in connection with collegiate events, live music performances, and apparel and merchandise before Defendants' used the Trademark in commerce.

25. Plaintiffs did not authorize Defendants' use of the Trademark. Defendants' use of the Trademark is likely to cause confusion, or to cause mistake, or to deceive. Indeed, on information and belief it is alleged that Defendants' unlawful exploitation of the Trademark has caused actual confusion in the marketplace.

26. Defendants, and each of them have imported, marketed, advertised, published online, distributed, and sold product bearing the Trademark.

27. Barstool has used in commerce a reproduction, counterfeit, copy, or colorable imitation of the Trademark, which is federally registered, in connection with the sale, offering in sale, distribution, or advertising of Barstool product. The foregoing is likely to cause confusion, or to cause mistake, or to deceive the public. On information and belief it is alleged that actual confusion has resulted from Barstool's unlawful use of the Trademark.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed the Trademark by producing, marketing, importing, publishing online, distributing and/or selling garments that infringe upon DIM's rights in the Trademark.

29. Due to Defendants' acts of infringement, Plaintiffs have suffered substantial damages to its business in an amount to be established at trial.

30. Due to Defendants' acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of trademark infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Trademark. As such, Plaintiffs are entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Trademark in an amount to be established at trial.

32. Due to Defendants' actions, constituting unauthorized use of the Marks, Plaintiffs have suffered and continues to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement II - Against All Defendants, and Each)

33. Plaintiffs repeat, reallege and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

34. Plaintiffs, as an event, merchandise, and product promotion concern, own an enforceable right in their own identity, name, likeness, and trademarks.

35. Barstool, in connection with its goods and services, has used and exploited without permission the Trademark, which created a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

36. Barstool use of the trademark on its product has caused confusion as to the origin of Barstool products, create a false affiliation, connection, association, and/or sponsorship between Plaintiffs and Barstool, and has led the public to believe that Plaintiffs approved the Infringing Garments and resulted in actual confusion in the marketplace.

37. Plaintiffs at no time authorized or approved of Barstool's use of its Trademark.

38. Defendants, and each of their, use of the Trademark has caused general and special damage to Plaintiffs in an amount that will be established at trial. Plaintiffs will seek Defendants' profits, the damages sustained by the Plaintiffs, and the costs of the action.

## THIRD CLAIM FOR RELIEF

### (Reverse Infringement - Against All Defendants, and Each)

39. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

40. Plaintiffs did not authorize Defendants' use of the Trademark. Defendants' use of the Trademark is likely to cause confusion, or to cause mistake, or to deceive. Indeed, on information and belief it is alleged that Defendants' unlawful exploitation of the Trademark has caused actual confusion in the marketplace.

41. Defendants, and each of them, have saturated the market with product bearing the Trademark, as evidenced by sales and media presence.

42. Plaintiff, as the senior mark user, trades on image health, positivity and 'good vibes' associated with its marks, productions and merchandise.  Defendants cultivate an appeal based, at least partly, on controversy and social confrontation that some customers react to negatively.

43.  Plaintiffs have experienced diminution and/or loss of brand identity and goodwill associated with the mark due to the use of the same or similar mark by Defendants.

44. Due to Defendants' actions, constituting unauthorized use of the Mark, Plaintiffs have suffered and continue to suffer great and irreparable injury from said adverse commercial association with Defendants. A key purpose of trademark law, which is to protect the senior user from the adverse commercial impact due to use of a similar mark by the newcomer, can be characterized under the reverse infringement theory in this claim for relief.

**FOURTH CLAIM FOR RELIEF**

**(California Common Law Misappropriation of Name and Likeness and Right of Publicity - Against All Defendants, and Each)**

45. Plaintiffs repeat, reallege and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

46. Robert Dim sells clothing and lifestyle merchandise to the public under the name "Darty" and organizes events and product promotions using the name "Darty." Indeed, Robert Dim is a former varsity college athlete and is identified and known in the university and athletics segment, the sports marketing industry, the media, and the general public with the name "Darty."

47. Barstool, without Plaintiffs' permission or consent, used and exploited the name "Darty" on product and in marketing, and the appropriation of the "Darty" name and identity resulted in a commercial and brand advantage to Barstool.

48. Defendants, without permission, have used, and continue to use, the "Darty" name, identity, and persona for commercial and business purposes in such a way that the "Darty" name is prominent and clearly identifiable.

49. Specifically, Barstool has and continues to use the "Darty" name and identity in association with its marketing and sales of the Infringing Garments. On information and belief it is alleged that this appropriation is cause for consumers to be mislead and deceived into believing that Barstool's Infringing Garments are genuine "Darty" garments that originate from, or are sponsored by or associated or connected with, Robert Dim and DIG LLC.

50. Robert Dim did not consent to Barstool's appropriation and exploitation of his (Robert's) "Darty" name and identity.

51. Such use by Barstool is likely to cause, and has caused, Robert commercial, reputational, and/or market damage and harm via association with Barstool.

52. As a result of Barstool's misappropriation, Mr. Dim has been injured in an amount not yet fully determined, but believed to be in excess of the jurisdictional minimums of this court, exclusive of costs and interests. The damage suffered by Mr. Dim includes, without limitation, damage to reputation, emotional, marketing and loss of publicity value.

53. In addition, as a result of Barstool's misappropriation, Robert Dim has suffered and will continue to suffer irreparable harm through, without limitation, a loss of goodwill, peace, happiness, and associated sentiment, as well as though injury to his goodwill, professional standing, and future publicity value. Unless Barstool's misappropriation is enjoined by this Court, Plaintiff will continue to suffer a risk of irreparable harm.

54. Barstool has received a commercial advantage and value through its exploitation of Plaintiffs' name and identity by receiving revenues and profits in connection with the sales of the Infringing Garments. Said revenues and profits are in direct correlation to

COMPLAINT

commercial and reputational damages suffered by Plaintiff. Said revenues and profits must be disgorged and tendered to Plaintiffs.

### FIFTH CLAIM FOR RELIEF

### (Violation of California Unfair Competition and Trademark Law) - Against All Defendants, and Each)

55. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth here.

56. Plaintiffs are informed and believe that Defendants are in direct competition with Plaintiffs.

57. Defendants' willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods and services causing confusion as to the source of the goods and causing harm to Plaintiffs' goodwill is an unlawful appropriation of Plaintiffs' exclusive rights in the Trademark.

58. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, et seq., and under the common law of the State of California.

59. Pursuant to California Business and Professions Code § 17203, Defendants are required to disgorge and restore to Plaintiffs all profits and property acquired by means of Defendants' unfair competition with Plaintiff.

60. Due to Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendants' acts and continuing acts.

61. Plaintiffs' remedy at law is not adequate to compensate them for the injuries already inflicted and further threatened by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

    a. Finding that Defendants have committed trademark infringement and violated Sections 1114 and 1125(a) of Title 15;

    b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from using on product, advertising, marketing, promoting, performing under, or otherwise using the Trademark;

    c. Directing that Defendants account to and pay over to Plaintiff all profits realized by their wrongful acts;

    d. Awarding Plaintiff actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

    e. Awarding full damages as allowed under California common law for Defendants' violation of Plaintiffs' common law right of publicity;

    f. Awarding full damages under the California Business and Professions Code;

    g. Requiring Defendants to deliver to Plaintiff for destruction or other disposition all remaining inventory or materials bearing the Mark, including all advertising, promotional and marketing materials therefor, as well as all means of making the same;

h. That Plaintiff be awarded pre-judgment interest as allowed by law;

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: 8 November 2019

Respectfully submitted,

By: */s/ Kelsey M Stout*

Kelsey M. Stout

Kelsey Stout Intellectual Property

Attorney for Plaintiffs